IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN HART,**<br>Petitioner,<br>**v.**<br>**EDMUND G. BROWN, et al.,**<br>Respondents. | 1:16-cv-01662 AWI MJS HC<br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 1) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I. Discussion**

**A. Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B. Factual Summary**

On October 13, 2016, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) Petitioner challenges a July 2, 2015, decision of the Board of Parole Hearings finding Petitioner unsuitable for parole for a fourth time. (Pet.) Petitioner presents two claims for relief: (1) that the parole denial violated his due process rights; and (2) that the continued duration of his sentence is disproportionate to the crime of conviction and constitutes cruel and unusual punishment. (Id.)

**C. Federal Review of State Parole Decisions**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Swarthout, 131 S.Ct. at 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63. This is true regardless whether Petitioner is challenging a decision by the Board to deny parole or the Governor's reversal of a parole grant. Swarthout, 131 S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision.").

Here, Petitioner argues that the Board's decision was arbitrary and violated his due process rights. (Pet.) As described by Swarthout, Petitioner has a right to access his

records in advance and to speak at the parole hearing to contest the evidence presented. 131 S.Ct. at 862. Petitioner has not shown that he was denied his rights to prior notice of the evidence or an opportunity to contest it at his suitability hearing. Accordingly, Petitioner has not shown that the minimal due process rights afforded under Greenholtz and Swarthout have been violated. Petitioner does not assert cognizable federal grounds for challenging the parole decision based on due process. Petitioner is not entitled to habeas relief.

**D. Cruel and Unusual Punishment**

Petitioner's second claim for relief is that the denial of parole and his continued detention serves as cruel and unusual punishment under the Fifth and Eighth Amendments of the Constitution. While this is a proper federal claim, there is no possibility that Petitioner is entitled to relief on this claim.

The Supreme Court has held, in the context of AEDPA review that the relevant, clearly established law regarding the Eighth Amendment's proscription against cruel and unusual punishment is a "gross disproportionality" principle, the precise contours of which are unclear and applicable only in the "exceedingly rare" and "extreme" case. Lockyer v. Andrade, 538 U.S. 63, 73-76, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003) (discussing decisions in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), and Rummel v. Estelle, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980)); Ewing v. California, 538 U.S. 11, 23, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003). "Successful challenges to the proportionality of particular sentences will be exceedingly rare." Solem, 463 U.S. at 289-90.

Generally, the Supreme Court has upheld prison sentences challenged as cruel and unusual, and in particular, has approved recidivist punishments similar to or longer than Petitioner's life sentence for offenses of significantly lesser severity than Petitioner's crime of conviction. See Andrade, 538 U.S. at 77 (denying habeas relief on Eighth Amendment disproportionality challenge to Three Strikes sentence of two consecutive

terms of 25 years to life for stealing $150.00 in videotapes when petitioner had a lengthy but nonviolent criminal history); Harmelin, 501 U.S. at 1008-09 (mandatory life sentence without parole for first offense of possession of more than 650 grams of cocaine is not so disproportionate as to violate the Eighth Amendment); Hutto v. Davis, 454 U.S. 370, 374-75, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982) (per curiam) (upholding non-recidivist sentence of two consecutive 25 prison terms for possession of nine ounces of marijuana and distribution of marijuana); cf. Solem, 463 U.S. at 280-81 (sentence of life imprisonment without possibility of parole for seventh nonviolent felony violates Eighth Amendment). In Petitioner's case, he was convicted of second degree murder. (Pet., ECF No. 11 at 8.) Murder is an extremely serious crime; a crime for which a life sentence is not considered grossly disproportionate.

For the above reasons, and in light of controlling jurisprudence, this Court cannot find that Petitioner's sentence is grossly disproportionate to his commitment offense. Thus, the state court's rejection of this claim was not contrary to or an unreasonable application of federal law. The Court recommends that Petitioner was not subject to cruel and unusual punishment and is not entitled to relief.

## II. Conclusion

Although Petitioner asserts that his right to due process of law was violated by the Board's decision, Petitioner has not alleged facts pointing to a real possibility of a violation of the minimal requirements of due process set forth in Greenholtz, 442 U.S. 1. Further, Petitioner's claims that his right to be free from cruel and unusual punishment are without merit. The Court recommends that the petition for writ of habeas corpus be dismissed.

## III. Recommendation

Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave to amend as Petitioner has not made a showing that he is entitled to relief.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: January 15, 2017

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE